UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DALE CONRAD MCQUISTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:24-cv-00102-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN S. LOVETT, *Warden at USP McCreary*, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

*** *** *** ***

Inmate/Petitioner Dale Conrad McQuiston is incarcerated at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, McQuiston filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he asserts multiple claims related to how is sentence is being carried out, calculated, or credited by prison or parole authorities. [*See* R. 1]. Upon initial screening conducted pursuant to 28 U.S.C. § 2243, the Court has determined that the petition should be denied because McQuiston has not yet fully exhausted his administrative remedies, as required. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).

There is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally *via* a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. And if the prisoner is not satisfied with the

Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18.

It is apparent that McQuiston has not yet fully exhausted his administrative remedies. After all, McQuiston's own petition indicates that he only completed the BP-8 step before he filed his petition with this Court. *See* R. 1 at 2 and R. 1-3 at 4; *see also* R. 1 at 3 (McQuiston acknowledging that he did not appeal the adverse decision he received at the BP-8 step). McQuiston also fails to identify any legal authority that would allow him to bypass the administrative grievance process and immediately proceed with his present § 2241 petition. Where a petitioner's failure to exhaust administrative remedies is apparent from the face of the pleading itself, *sua sponte* dismissal is appropriate. *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust).

Accordingly, the Court being otherwise sufficiently advised, it is hereby **ORDERED** that:

1. Petitioner McQuiston's petition for a writ of habeas corpus [R. 1] is **DENIED** without prejudice. **McQuiston may file a new habeas petition regarding the matters raised once he has fully exhausted his administrative remedies.**

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This the 14th day of November 2024

Gregory F. Van Tatenhove
United States District Judge